**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RANDOLPH R. SCOTT,**

                      **Plaintiff,**

   vs.                                                    **9:17-CV-00520
                                                          (MAD/ATB)**

**CHRISTOPHER MILLER,** *Superintendent,
Great Meadow Correctional Facility*; **P. BRADY,
Correctional Officer,** Great *Meadow Correctional
Facility*; **SGT. REYNOLDS,** Sergeant, *Great Meadow
Correctional Facility, formerly known as John Doe*;
**MEDICAL DEPARTMENT OF GREAT MEADOW
CORRECTIONAL FACILITY; DR. PAOLANO,** *Great
Meadow Correctional Facility*; **JANE DOE,** *Nurse
Administrator*, *Great Meadow Correctional Facility*,

                      **Defendants.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**RANDOLPH R. SCOTT
15-B-2127**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **DAVID A. ROSENBERG, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                                                     **ORDER**[1]

---

[1] For a complete statement of the underlying facts in this case, the Court refers the parties to Magistrate Judge Baxter's Report-Recommendation. *See* Dkt. No. 54.

Plaintiff filed a complaint on May 10, 2017 as a result of conduct which allegedly occurred at Great Meadow Correctional Facility. *See* Dkt. No. 1. Plaintiff alleges violations of 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. *Id.* On June 29, 2017, Judge D'Agostino issued a Memorandum-Decision and Order dismissing all of Plaintiff's claims except (1) the ADA and RA claims against Superintendent Miller; (2) the Eighth Amendment excessive force claims against Defendants Brady and Reynolds; and (3) the Eighth Amendment claims against Defendant Miller for an alleged denial of recreation. *See* Dkt. No. 8; Dkt. No. 54 at 2. On September 27, 2017, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 28. After reviewing the parties' submissions, Magistrate Judge Andrew T. Baxter converted Defendants' motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56(a) and provided both parties with an opportunity to supplement their submissions. In a June 25, 2018 Report-Recommendation, Magistrate Judge Baxter recommended that the Court grant Defendants' converted motion for summary judgment without prejudice and dismiss Plaintiff's claims for failure to exhaust administrative remedies.

Currently before the Court is Magistrate Judge Baxter's June 25, 2018 Report-Recommendation, in which he recommended that the Court grant Defendants' converted motion for summary judgment without prejudice and dismiss the claim for failure to exhaust administrative remedies. *See* Dkt. No. 54.

When reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). While *pro se* litigants are given more

deference by the court, they must still provide competent evidence to support their claims to survive a motion for summary judgment. *See Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)). Therefore, a *pro se* litigant, while still given some reasonable allowances, must follow the procedural requirements for summary judgment. *See Govan*, 289 F. Supp. 2d at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001)). Furthermore, "a *pro se* party's 'bald assertions,' completely unsupported by evidence" will not be enough to survive a motion for summary judgment. *Lee*, 902 F. Supp. at 429 (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of*

*New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016). The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90-103.

4

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* at § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to the Central Office Review Committee ("CORC"), which makes the final determination within the administrative review process. *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to section 1983. *See Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by CORC, must be completed before an action asserting that claim may be initially filed. *See*, *e.g.*, *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, *5 (N.D.N.Y. Nov. 9, 2015) ("Receiving a decision from CORC *after* commencing litigation does not satisfy PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice") (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002)); *Rodriguez v. Rosner*, No. 12-CV-958, 2012 WL 7160117, *8 (N.D.N.Y. Dec. 5, 2012). "[A] post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced." *Guillory v. Haywood*, No. 9:13-CV-1564, 2015 WL 268933, *11 (N.D.N.Y. Jan. 21, 2015) (citing *Neal*, 267 F.3d at 122) (other citation omitted).

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). "First, an administrative remedy may be unavailable when 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859). "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). "In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.'" *Id.* at 123-24 (quoting *Ross*, 136 S. Ct. at 1859). "Third, an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860).[2]

In the present matter, Plaintiff alleges that he filed a grievance dated April 27, 2017, titled "Inmate Complaint Grievance" in response to alleged incidents occurring on April 25, 2017. *See* Dkt. No. 1 at 25. Defendants note that the document is not stamped indicating it was received by the IGRC and argue that the IGP at Great Meadow has no record of any such grievance ever being filed. *See* Dkt. No. 1 at 25; Dkt. No. 54 at 8. As Magistrate Judge Baxter correctly found,

---

[2] In *Ross*, the Court rejected the Second Circuit's "extra-textual" exception to the PLRA's exhaustion requirement which allowed the taking into account of "special circumstances" to justify a prisoner's failure to comply with administrative procedural requirements. *See Ross*, 136 S. Ct. at 1856-57. Rather, it held that the only limit to the PLRA's exhaustion requirement "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.* at 1862; *see also Williams*, 829 F.3d at 123 (recognizing that the framework set forth in *Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) and *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), setting forth a "special circumstances" exception to the PLRA's exhaustion requirement has been abrogated in part by *Ross*). As such, the Supreme Court specifically found that an inmate's mistaken belief that he has exhausted his administrative remedies, even where that belief seems reasonable, does not make the administrative remedy unavailable. *See id.* at 1858.

6

the administrative remedy process was available to Plaintiff, as evidenced by the numerous grievances filed. *See* Dkt. No. 54 at 10-11. Even if Plaintiff did in fact file the April 27, 2017 grievance, there was insufficient time for Plaintiff to exhaust his administrative remedies or for Defendants to prevent Plaintiff from doing so before Plaintiff's complaint was filed on May 10, 2017. *See id.* Although Plaintiff filed a grievance on May 16, 2017, it was filed after Plaintiff's complaint in this case. *See* Dkt. No. 1; Dkt. No. 54 at 10.

Plaintiff filed numerous grievances related to his ADA and RA claims on March 9, 2017, March 21, 2017, April 17, 2017, April 18, 2017, April 19, 2017, June 15, 2017, and June 23, 2017. *See* Dkt. No. 54 at 11-12. Magistrate Judge Baxter correctly concluded that the June 15, 2017 and June 23, 2017 grievances are not relevant to exhaustion because they were filed after Plaintiff initiated this action. *See id.* at 11.

The grievances dated April 18, 2017 and April 19, 2017 were consolidated with the March 9, 2017 grievance and appealed to the Superintendent who issued a response on May 25, 2017. *See id.* at 12-13. Plaintiff then appealed the Superintendent's adverse decision which was received by CORC on June 5, 2017. *See id.* at 13. Plaintiff filed his federal complaint on May 10, 2017, prior to the issuance of the Superintendent's decision dated May 25, 2017. *See id.* Plaintiff appealed the Superintendent's decision regarding his March 21, 2017 grievance, which was received by CORC on May 26, 2017. *See id.* Finally, Plaintiff appealed the Superintendent's decision regarding his April 17, 2017 grievance, which was received by the CORC on May 31, 2017.

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff failed to complete the appeals process with respect to any of his grievances prior to filing his federal complaint and, therefore, did not exhaust his administrative remedies. *See id.* at

14. Upon review of Magistrate Judge Baxter's thorough and well-reasoned Report-Recommendation, the Court hereby affirms and adopts the Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's June 25, 2018 Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' converted motion for summary judgment (Dkt. No. 28) is **GRANTED**, and this action is **DISMISSED without prejudice** for failure to exhaust administrative remedies; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge